IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:14CR327** |
| v. | | |
| JILL HARVILL, | | **ORDER** |
| Defendant. | | |

This matter is before the court on defendant's motion to vacate pursuant to 28 U.S.C. § 2255.  Filing No. 85.  Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion.  *See* 28 U.S.C. § 2255, Rule 4(b).  The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion.  *Id.*

The defendant entered a plea of guilty to a charge of distribution of 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, and she was sentenced to a sentence of 60 months.  Defendant did not appeal to the Eighth Circuit. In her § 2255 motion, the defendant contends that she qualifies for a sentence reduction under U.S.S.G. App. C, Amendment 794, as she argues she had a minor role in the criminal activity.  In support of her argument, she cites to *United States v. Quintero-Levya,* 823 F.3d 519 (9th Cir. 2016) and the recent Amendment 794.  In *Quintero-Levya,* the Court held that:

We consider three factors when assessing whether an amendment to the Guidelines applies retroactively:  (1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10(c); (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split.  *United States v. Christensen,* 598 F.3d 1201, 1205 (9th. Cir. 2010) (citing *United States v. Morgan,* 376 F.3d 1002, 1011 (9th Cir. 2004)).  The Government concedes that the Amendment applies retroactively, and we agree.

*Quintero-Levya,* 823 F.3d at 522.

On initial review, the court finds that the defendant is not entitled to relief.  The defendant plead guilty without a plea agreement to a charge with a mandatory minimum five year sentence.  She has a Criminal History category of V and is not eligible for the safety valve.  Her guideline range is 70-87 months.  She received the statutory minimum of 60 months.  Consequently, she does not qualify for a sentence reduction.

THEREFORE, IT IS ORDERED that on initial review, the court finds summary dismissal is appropriate.  A separate judgment will be entered in accordance with this Order.

Dated this 27th day of September, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge